## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAMAR HARRIS *et al.*,                    :

      Petitioners,                    :

      v.                    :     Criminal Action No.: 89-0036-02, 05 (RMU)

                          :     Document Nos.:    289, 290

UNITED STATES OF AMERICA,                    :

      Respondent.                    :

**FILED**

NOV 2 6 2007

### MEMORANDUM OPINION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DENYING THE PETITIONERS' MOTION TO REOPEN

### I. INTRODUCTION

This issue comes before the court on Lamar Harris and Gary Wyche's joint motion to reopen. Although their motion is styled a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b), because the petitioners are challenging the period of their confinement and are seeking to vacate their current sentences, the court will treat the motion as a new motion to vacate their respective sentences pursuant to 28 U.S.C. § 2255.[1] Because this court has no jurisdiction over successive § 2255 motions absent certification from the D.C. Circuit Court, this court dismisses the motion without prejudice.

---

[1] The petitioners also ask the court to grant a writ of *audita querela*. Pet'rs' Mot. at 5. Notwithstanding the displacement of the writ of *audita querela* by Rule 60(b) (stating that "[w]rits of . . . audita querela . . . are abolished"), *but see United States v. Ayala*, 894 F.2d 425, 426 (D.C. Cir. 1990) (stating that a writ of *audita querela* may "furnish a basis for vacating a criminal conviction . . . if the defendant raised a legal objection not cognizable under the existing scheme of postconviction remedies"), the court rejects the petitioners' request for a writ of *audita querela* because this Circuit has held that this writ "may not be used to circumvent the limitations of filing § 2255 motions," *In re Norris*, 2002 WL 31496608, at *1 (D.C. Cir. Nov. 8, 2002). As discussed in the text below, the petitioners' attacks on their respective sentences are properly brought under § 2255. *See Ayala*, 894 F.2d at 429 (concluding that "under modern federal practice, a defendant may . . . rely on a postjudgment contingency to attack the lawfulness of his conviction under a section 2255 or a *coram nobis* proceeding").



## II. FACTUAL & PROCEDURAL BACKGROUND

In the summer of 1989, a jury returned a guilty verdict against Lamar Harris and Gary

Wyche for, *inter alia*, conspiracy to distribute and to possess with the intent to distribute cocaine

and cocaine base in violation of 21 U.S.C. §§ 841, 846.  *United States v. Harris*, 959 F.2d 246,

249 (D.C. Cir. 1992).  On appeal, this Circuit affirmed Harris's sentence while vacating Wyche's

sentence and remanding for resentencing.  *Id.* at 268.  The district court resentenced Wyche, he

appealed, and this Circuit affirmed the sentence.  *United States v. Wyche*, 10 F.3d 13 (D.C. Cir.

1993).

In 1997, Harris filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Order

(May 13, 1999).  His motion was granted in part and denied in part.  *Id.*  Since then, this Circuit

has twice denied Harris's requests for leave to file successive § 2255 motions.  *In re Harris*, No.

02-3108 (D.C. Cir. Dec. 23, 2002); *In re Harris*, No. 06-3037 (D.C. Cir. May 12, 2006).  Wyche

filed a § 2255 motion in 2001, which this court denied.  Order (Apr. 26, 2004).  In 2005, Wyche

filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which

this court classified as a successive § 2255 claim and dismissed.  Order (Mar. 15, 2005), *aff'd*,

*United States v. Wyche*, No. 05-3094 (D.C. Cir. Dec. 8, 2005).

The petitioners have filed their motion jointly.[2]  Where a discussion applies to only one

petitioner, the court will so indicate.

---

[2]  Along with their motion to reopen, the petitioners filed a motion to consolidate their motion to reopen.  The plaintiffs are petitioning to reopen a previous § 2255 motion, which the court interprets as a new § 2255 motion.  Section 2255 motions "technically are motions in the criminal prosecution," and because the petitioners are co-defendants, they may file a joint motion.  *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005); *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993).  Accordingly, this motion is moot.

## III. ANALYSIS

### A. The Court Denies the Petitioners' Rule 60(b) Motion to Reopen

#### 1. Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having

3

continuing consequences are "prospective" for the purposes of Rule 60(b)).  Sixth, the court may

grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b).

Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances."

*Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion

within one year after the judgment at issue. FED. R. CIV. P. 60(b).  A party relying on one of the

remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id.*  The party

seeking relief from a judgment bears the burden of demonstrating that he satisfies the

prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298

F.3d 586, 592 (6th Cir. 2002).

## 2. The Court Denies the Petitioners' Motion to Reopen

The petitioners argue that the court should reopen their original § 2255 motion because

extraordinary circumstances exist; namely, that the Second Circuit compels a finding that the

petitioners are "factually or legally innocent as a result of a previously unavailable statutory

interpretation." Pet'rs' Mot. at 3.  This Circuit has noted, however, that "extraordinary

circumstances are not present . . . when there has been an intervening change in case law."

*Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524,

536-38 (2005); *Agostini v. Felton*, 521 U.S. 203, 239 (1997)) (internal quotations omitted).  This

is especially the case here because the petitioner cites only a purported change in non-binding

precedent.[3]  Accordingly, the petitioners have not met the "very high bar" of proof necessary to obtain relief under Rule 60(b)(6).  *Kramer*, 481 F.3d at 792.

Alternatively, the petitioners' motion fails because they argue that their original sentences should be invalidated,[4] and such an argument is properly brought as a § 2255 motion, not a motion to reopen.  Order (Nov. 4, 2004); *United States v. Williams*, 2001 WL 238155, at *1 (D.C. Cir. Feb. 7, 2001).  Allowing this motion to proceed disguised under Rule 60(b) would bypass § 2255's restrictions on successive motions.  28 U.S.C. § 2255 (stating that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals").  Indeed, the Federal Rules of Civil Procedure only apply to the extent that they are consistent with statutes and the Rules Governing Section 2255 Proceedings.  FED. R. CIV. P. 81(a)(2); RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 12.  Accordingly, this court will not apply Rule 60(b) to undermine the statutory restrictions of § 2255.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530 n.3 (2005) (holding that Rule 60(b) is inapplicable because it would undermine the 28 U.S.C. § 2254 restrictions on habeas petitions from state convictions, and noting that the same logic may apply to motions for relief from sentences imposed by federal courts under § 2255); *see also United States v. Nelson*, 465 F.3d

---

[3]     The petitioners cite *United States v. Gonzales*, 420 F.3d 111 (2d Cir. 2005) (vacating a conviction and allowing a defendant to withdraw his guilty plea because he did not admit to the quantity of drugs involved in the crime) and *United States v. Cordoba-Murgas*, 422 F.3d 65, 72 (2d Cir. 2005) (holding that "allocution that settles the issue of drug quantity cannot serve to waive the requirement . . . that a defendant be charged with drug quantity in the indictment if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum for an indeterminate quantity of drugs") (internal quotations omitted).  Pet'rs' Mot. at 3.  These cases merely constitute persuasive authority for this court.

[4]     The petitioners make two arguments.  First, the petitioners argue that 21 U.S.C. § 846, the statute forming the basis of their convictions, is unconstitutional.  Pet'rs' Mot. at 16.  Second, they argue that they were improperly convicted because a necessary element of their conviction, drug quantity, was not proven beyond a reasonable doubt.  *Id.* at 15.  Both of these arguments attack the validity of the petitioners' original sentence.

1145, 1148 (10th Cir. 2006) (construing a defendant's motion under Rule 60(b) as a § 2255

motion and then rejecting the motion because it did not comply with § 2255's restrictions on

successive motions).

**B.  The Court Dismisses the Petitioners' § 2255 Motion**

**1.  The Court Lacks Jurisdiction Over A New § 2255 Motion**

The substance of the petitioners' motion properly falls under § 2255.  *See Castro v.*

*United States*, 540 U.S. 375, 381 (2003) (noting that "[f]ederal courts sometimes will ignore the

legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to

place it within a different legal category").  A prisoner in the custody of the federal courts may

collaterally attack his or her sentence under 28 U.S.C. § 2255 on the grounds that "the sentence

was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law." 28 U.S.C. § 2255.  After the first unsuccessful § 2255 motion, the petitioner

must seek certification from the appropriate circuit court of appeals before filing a successive

motion.  *Id.*  This restriction is jurisdictional, and the court must establish that it has the power to

hear the case before addressing the merits of such a motion.  *See Burton v. Stewart*, 127 S. Ct.

793 (2007) (holding that the restrictions on successive habeas petitions from state sentences

under § 2244 are jurisdictional); *Davis-Rice v. United States*, 224 Fed. App'x 702, 703 (9th Cir.

2007) (applying *Burton* to habeas petitions from federal sentences under § 2255); *United States*

*v. Herrera*, 216 Fed. App'x 809, 811 (10th Cir. 2007) (determining that the requirement for

circuit certification of successive § 2255 motions is jurisdictional).

Both Harris and Wyche have already filed § 2255 motions.  *In re Harris*, No. 06-3037

(D.C. Cir. May 15, 2006); Order (Nov. 4, 2004).  Neither Harris nor Wyche has received

certification from this Circuit to file a successive motion. Thus, this court lacks jurisdiction to address their claims. *See Burton*, 127 S. Ct. at 799.

## 2. The Court Dismisses the § 2255 Motion

Since the petitioners have filed successive § 2255 motions, the court may transfer their motions to this Circuit without notice to the petitioners. *Cephas v. Nash*, 328 F.3d 98, 104 n.5 (2d Cir. 2003); *In re Nailor*, 487 F.3d 1018, 1023 n.3 (6th Cir. 2007); *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). If the court determines, however, that this Circuit has already decided the issues presented in a successive motion, it can simply dismiss the motion. *Cephas*, 328 F.3d at 104 n.5; RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 4(b). In this case, the petitioners' two claims are totally without merit. First, the petitioners claim that the statute under which they were convicted, 21 U.S.C. § 846, is unconstitutional on its face. Pet'rs' Mot. at 16. This argument, however, does not account for this Circuit's holding that § 841 (and therefore § 846)[5] is constitutional. *See United States v. Eli*, 379 F.3d 1016, 1018 n.5 (D.C. Cir. 2004); *see also United States v. Outen*, 286 F.3d 622, 634 (2d. Cir. 2002) (listing the decisions of nine other circuit courts upholding the constitutionality of § 841 and § 846). Second, the petitioners cite the Supreme Court's decision in *Apprendi* claiming that their sentences should be vacated because the amount of drugs they were accused of was not proven beyond a reasonable doubt to a jury. Pet'rs' Mot. at 13; *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000) (concluding that drug quantity, because it can raise the punishment beyond the statutory maximum, is an element of the crime and not a sentencing factor). But this Circuit has already ruled that *Apprendi* cannot be applied retroactively to

---

[5]    Section 846 describes conspiracy to commit "any offense defined in this title," including § 841, and it suffers, or does not suffer, the same constitutional infirmities as § 841 in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Outen*, 286 F.3d 622, 634 (2d. Cir. 2002) (recognizing a defendant's claim that § 841 is unconstitutional applies equally to § 846).

invalidate a sentence on collateral review.  *In re Smith*, 285 F.3d 6, 9 (D.C. Cir. 2002).

Therefore, instead of transferring the motion to the Circuit, this court dismisses the motion

without prejudice.[6]

## IV.  CONCLUSION

For the foregoing reasons, the court denies the petitioners' motion to reopen and

determines that their motion to consolidate is moot.  An order consistent with the Memorandum

Opinion is separately and contemporaneously issued this 26th day of November, 2007.

RICARDO M. URBINA
United States District Judge

---

[6]     The petitioners, of course, may file their own request for permission to file a successive § 2255
motion with this Circuit without authorization from this court.